UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════════

EDWARD M. LILLY,

                    Plaintiff,

                                                    **DECISION AND ORDER**
          v.                                          14-CV-0001-A

TOWN OF LEWISTON, and
LAUREN PASSANESE CAMPBELL,

                    Defendants.

═══════════════════════════════════

The Town of Lewiston and Lauren Passanese Campbell (collectively, the
"Defendants") move to dismiss claims of Plaintiff Edward Lilly, made pursuant to 42
U.S.C. §§ 1983 and 1985, that the Defendants deprived him of constitutional rights
by filing a false incident report.  The Court has considered the parties' pleadings and
concludes oral argument is unnecessary.  For the reasons stated below, the motions
to dismiss are granted.

**BACKGROUND**

On December 2, 2009, Town of Lewiston Police Department Officer Lauren
Passanese Campbell ("Officer Campbell") filled out an incident report (the "Incident
Report") in response to a complaint she received from Lewiston resident Melissa
Murphy ("Murphy").  Compl. ¶ 13.  According to the Incident Report, Murphy called
the Town of Lewiston Police Department complaining that two persons had driven
through her neighborhood placing  "fake newspaper[s]"  in area mailboxes.  Compl.
¶ 13, Ex. A at p. 3.  Murphy provided Officer Campbell with the vehicle's license

plate number.  Compl. ¶¶ 13-14. Officer Campbell used the license plate number to obtain information identifying the vehicle.  Compl. ¶ 14.  Officer Campbell then filled out the Incident Report naming Plaintiff as a suspect, and describing the incident as an act of littering.  Compl. Ex. A at p. 2.

Plaintiff Lilly asserts that Officer Campbell identified him as a suspect without "any factual foundation to determine [he] was the alleged perpetrator of the littering charge as alleged in the incident report."  Compl. ¶ 24.  To support this claim, Plaintiff quotes an answer Murphy gave in a separate action that  "[a]t no point did I ever mention the Plaintiff's name or implicate him in the unsolicited delivery . . . nor did I state that anybody was littering."  Compl. ¶ 22.  The separate action involved a lawsuit Plaintiff brought accusing Murphy of slander and libel.  Compl. Ex. B. at p. 7.  In December of 2009, a local newspaper, the Niagara Falls Reporter, relied on the Incident Report to report that the Plaintiff was suspected on littering charges.  Compl. ¶  68.  The Plaintiff suggests that Officer Campbell filed the Incident Report in retaliation for a series of events involving the Plaintiff, his family and friends, the Lewiston Police, and the New York State Police, which occurred between 2007 and 2010.  Compl. ¶ 66.

## STANDARD OF REVIEW

In deciding a motion to dismiss for failure to state a claim, the Court will "constru[e] the complaint liberally, accept[] all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor."  *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008).  However, "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007)).  The plaintiff must "provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level."  *Goldstein*, 516 F.3d at 56 (*quoting ATSI Commc'ns., Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)).

## DISCUSSION

Claims under section 1983 and section 1985 of Title 42 that arise in New York are subject to a three year statute of limitations.  *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 331 (2d Cir. 1997); *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994).  This limitations period is a creature of state law, matching the state's statute of limitations for personal injury actions.  *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002).  While state law determines the relevant limitations period,  "[f]ederal law determines when a federal claim accrues."  *Id.* at 80.

Under federal law, a claim accrues at the time of injury.  *See, e.g., Kronisch v. United States*, 150 F.3d 112, 121 (2d Cir. 1998).  But  "where plaintiff would reasonably have had difficulty discerning the fact or cause of injury at the time it was inflicted, the so-called 'diligence-discovery rule of accrual' applies."  *Id.*  The discovery rule delays accrual until the date the  "plaintiff kn[ew] or ha[d] reason to know of the injury which is the basis of his action."  *Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir. 1994).  "The reference to 'know[ledge] of the injury' does not suggest that the statute does not begin to run until the claimant has received judicial verification

that the defendants' acts were wrongful." *Id.* (*quoting Woods v. Candela*, 13 F.3d 574, 575-76 (2d Cir. 1994)).  The claim accrues instead when a plaintiff "had reason to suspect" that a discriminatory act has occurred.  *Singh v. Wells*, 445 F. App'x at 377.  Indeed, the Supreme Court has noted that "the proper focus is on the time of the discriminatory act, not the point at which the consequences of the act become painful."  *Morse v. Univ. of Vermont*, 973 F.2d 122, 125 (2d Cir. 1992) (*quoting Chardon v. Fernandez*, 454 U.S. 6, 8 (1981)).

The continuing violation doctrine provides another exception to the usual accrual date.  *Corona Realty Holding, LLC. v. Town of North Hempstead*, 382 F. App'x 70, 72 (2d Cir. 2010).  A plaintiff may delay accrual if he shows that he was subjected to an "ongoing policy of retaliation."  *See Smith v. New York City Dep't of Educ.*, No. 12-1004-cv, 2013 WL 1831665, at *1 (2d Cir. May 2, 2013).  Put another way, "[w]hen a plaintiff experiences a 'continuous practice and policy of discrimination . . . the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it."  *Jaghory*, 131 F.3d at 331 (*quoting Cornwell v. Robinson*, 23 F.3d 694, 703 (2d Cir. 1994)).

The timeliness of the Plaintiff Lilly's claims hinges on when they accrued.  Since the Complaint was not filed until January 2, 2014, any claims accruing before January 2, 2011 (three years prior) are time-barred.  The Plaintiff suggests that he did not know that Officer Campbell had falsified the Incident Report until January 7, 2011, when Melissa Murphy filed an answer in the separate libel action stating she never identified the Plaintiff as the person leaving "fake newspapers" in area

mailboxes.  Compl. ¶¶ 13, 20-24.

Plaintiff Lilly misconstrues the discovery rule.  The discovery rule does not require the Plaintiff to have received verification of the a legal theory of recovery for his injuries.  Instead, the discovery rule sets the accrual date at the point where the Plaintiff should have reasonably known of the injuries forming the basis of his claims.  Here, Officer Campbell filed the Incident Report on December 2, 2009. Compl. ¶ 13.  That same month, the Niagara Falls Reporter printed an article stating that  "the Plaintiff was the suspect in the littering charge."  Compl. ¶ 68.  While it cannot be inferred, at this stage, that the Plaintiff actually read that issue of the Niagara Falls Reporter, he certainly had reason to suspect the Incident Report was false by November 30, 2010, when he sued Murphy for slander and libel for statements implicating him in the alleged littering.  Compl. Ex. B, p. 7; Ex. C, p. 11, ¶¶ 9-11.

Plaintiff Lilly has alleged nearly three years' of  "malicious[]"  and  "deliberate" police misconduct that gave rise to his injuries.  Compl. ¶¶ 66, 72, 75, 78.  The Complaint provides that  "there was a long term animosity between Ben Campbell (Defendant Lauren Campbell's Husband) going back at least as far as Thanksgiving 2007."  Comp. ¶ 25 (parenthetical in original).  It goes on to allege that at a school board meeting in the summer of 2008, the Defendant "inappropriately accosted and badgered the Plaintiff."  Compl.  ¶ 38.  In April or May of 2009,  "the Defendant followed the Plaintiff around the Morgan Farms neighborhood . . . in her Town of Lewiston patrol car."  Compl. ¶ 42.  The Plaintiff also claims that he was woken late

at night by state troopers and Lewiston police.  Compl. ¶ 53.  The last incident that

that could implicate the Defendants occurred on June 2, 2010, when a New York

State Police Inspector told the Plaintiff that his future calls would not be accepted.

Compl. ¶ 67.

Even assuming for the sake of argument that the series of incidents as

alleged in the Complaint established an "ongoing policy" sufficient to invoke the

continuing violation doctrine, all of the alleged discriminatory acts occurred before

the end of 2010.  *See* Compl. ¶¶ 1-70.  Thus, construing the allegations of the

Complaint in the light most favorable to Plaintiff Lilly, his injuries accrued no later

than June 2, 2010.  By that point, he certainly had reason to suspect that the

Defendants' alleged discriminatory conduct had occurred.  If he had approached an

attorney at that time, reasonable diligence would have allowed him timely to file suit.

However, the Plaintiff did not sue until January 2, 2014, more than three years later.

Because the statute of limitations for Section 1983 and Section 1985 claims is three

years, *Jaghory*, 131 F.3d at 331, the Plaintiff's claims are time-barred.

In response to the motion to dismiss of Defendants, Plaintiff Lilly argues the

Court should equitably toll the statute of limitations.  He asserts Officer Campbell

fraudulently concealed her alleged misconduct.  Equitable tolling will apply only in

"rare and exceptional circumstances, where . . . [it is shown] extraordinary

circumstances prevented a party from timely performing a required act, and that the

party acted with reasonable diligence throughout the period he sought to toll."

*Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005)   The Court has considered

Plaintiff's equitable tolling argument and finds it to be without merit.  *Compare*

Complaint Ex. A, p. 3, *with* Ex. C, pp. 12-13,  ¶¶ 9-11.  There is no reason plaintiff

could not have filed the action timely if he had acted with reasonable diligence.

## CONCLUSION

For the foregoing reasons, the motions of Defendants Town of Lewiston and

Lauren Passanese Campbell to dismiss the Complaint are granted.  The Clerk shall

enter judgment for Defendants and terminate the action.

**SO ORDERED.**

____*Richard J. Arcara*_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:   March 31, 2014